UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV876 CDP |
| | ) | |
| CERTIFICATE OF DEPOSIT | ) | |
| #09565499241 et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

As part of discovery in this forfeiture case, the government issued a subpoena directing the Missouri Department of Revenue (MODOR) to produce certain tax records for Sweetie P's Ice Cream. MODOR has moved to quash the subpoena, arguing that the records are privileged under Mo. Rev. Stat. § 32.057. In response, the government claims that the records are necessary to show that Sweetie P's did not generate enough income to purchase the defendant properties in this case, or that funds were laundered through the facade of Sweetie P's to purchase these properties. I find that § 32.057 prohibits MODOR from disclosing the information requested by the government, and I will grant the motion to quash.

In this forfeiture case, the government is attempting to link the defendant properties to the alleged illegal activity of the now-deceased Lemuel Houston, Jr., who was the sole owner of Sweetie P's Ice Cream. As part of discovery, the

government issued a subpoena to the Missouri Director of Revenue. The subpoena asks for "[a]ll tax records, including, but not limited to, sales tax returns . . . for Sweetie P's Ice Cream . . . for the years of 2004, 2005, 2006, 2007 and 2008." In its motion to quash, MODOR argues that the subpoena commands the production of privileged tax records under Mo. Rev. Stat. § 32.057. That section reads, in relevant part:

> Except as otherwise specifically provided by law, it shall be unlawful for the director of revenue . . . to make known in any manner, to permit the inspection or use of or to divulge to anyone any information relative to [a report or return filed with the department of revenue] . . . . Such confidential information is limited to information received by the department in connection with the administration of the tax laws of this state.

Mo. Rev. Stat. § 32.057 (2009). Section 32.057.2 lists a number of exceptions to this rule. Several exceptions permit disclosure if the records are for use in a judicial proceeding. However, each of those exceptions specifically limits the proceedings in which disclosure is permitted to those involving or brought to enforce the revenue laws. This forfeiture case does not involve the revenue laws of Missouri or the United States. Accordingly, MODOR argues that the disclosure requested here is barred because the government's request does not fall under any of the listed exceptions.

In response, the government claims that the privilege of confidentiality can be pierced, and disclosure mandated, where the tax returns sought are relevant and

needed by a party in a judicial proceeding. Here, the government needs the tax returns to show that there is a connection between Sweetie P's, the illegal activity of Lemuel Houston, Jr., and the defendant property. The government cites *State ex rel. Von Hoffman Press, Inc. v. Saitz*, 607 S.W.2d 219 (Mo. Ct. App. 1980) to support its argument that the tax records here are discoverable. While the government correctly cites passages of *Von Hoffman* that appear to support a liberal construction of § 32.057 in terms of disclosure, *Von Hoffman* was a case involving the revenue laws – an enumerated exception to the prohibitions of § 32.057. *Id*. at 222. The court in *Von Hoffman* stated that "[f]undamental fairness would require disclosure" of certain tax records by government officials, "if indeed it is directly involved in the proceeding to assess additional tax against" the party seeking disclosure. *Id*. *Von Hoffman* involved a proceeding to assess tax against an individual. This case, however, is a civil forfeiture action under federal law, not a proceeding under the revenue laws of Missouri or the United States.

The government also argues that disclosure by MODOR is permitted because there is no alternative means by which the government can collect the information it needs. To support that argument, the government cites *State ex rel. Wohl v. Sprague*, 711 S.W.2d 583, 586 (Mo. Ct. App. 1986), in which, as here, one party was seeking disclosure of tax returns of a non-party. However, *Sprague* did not involve a disclosure by MODOR; rather, it involved a disclosure by an

individual. Section 32.057 prohibits the Missouri Director of Revenue from disclosing tax returns and department records, unless certain exceptions apply. It does not apply to discovery of information from individuals. While in *Sprague* the court suggested that the statutory privilege ensuring confidentiality of tax returns may be lifted for good cause, where that disclosure is requested of MODOR, § 32.057 applies. Unlike a production of tax records from an individual or business, a production by the director of revenue is governed by the statute, and cannot be made unless an exception applies.

Because I find that § 32.057 clearly prohibits the Missouri Department of Revenue from disclosing the information requested by the government, and because the exceptions enumerated in that section do not apply, I will grant MODOR's motion to quash the subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that the Missouri Department of Revenue's motion to quash [#44] is GRANTED. The Missouri Department of Revenue will not be compelled to produce the requested records.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2010.